SUMMARY ORDER

Petitioner Yun Xia Zheng, a native and citizen of the People’s Republic of China, seeks review of the February 11, 2008, order of the BIA denying her motion to reopen and reconsider. In re Yun Xia Zheng, No. A078 859 914 (B.I.A. Feb. 11, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
A motion to reconsider must specify errors of fact or law in the challenged BIA decision and be supported by pertinent authority. 8 C.F.R. § 1003.2(b)(2); Jian Hui Shao v. Mukasey, 546 F.3d 138, 173 (2d Cir.2008). To the extent that Zheng sought reconsideration of that portion of the BIA’s September 2007 decision that denied her first motion to reopen, the BIA did not abuse its discretion by denying Zheng’s motion to reconsider based on her failure to identify such errors of fact or law. See Jian Hui Shao, 546 F.3d at 173. Zheng never specifically identified the errors of fact and law that the BIA allegedly made in denying her first motion to reopen, but rather rehashed the arguments that she had presented to the agency on appeal and in support of her first motion. See id. To the extent that Zheng sought reconsideration of that portion of the BIA’s decision that denied her first motion to reconsider, the regulations prohibit an applicant from seeking reconsideration of a decision denying a previous motion to reconsider. See 8 C.F.R. § 1003.2(b)(2).
The BIA also did not abuse its discretion in denying Zheng’s motion to *621 reopen. An alien may file only one motion to reopen, and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). An applicant may be excused from compliance with the time and numerical limitations on motions to reopen if she submits evidence establishing “changed country conditions arising in the country of nationality.” 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(h). Such a motion shall not be granted unless it appears that the evidence offered in support of the motion “is material and was not available and could not have been discovered or presented” at the previous hearing. 8 C.F.R. § 1003.2(c)(1).
The primary piece of documentary evidence that Zheng submitted in support of her motion to reopen was a letter, purportedly from the Xiyuan Village Committee, which stated that the government was aware of the birth of Zheng’s two children in the United States and of her continued involvement in Falun Gong and ordered her to return to China and report for sterilization. The BIA reasonably declined to give any weight to this document, finding it of “questionable authenticity” given the IJ’s unrefuted adverse credibility determination in the underlying proceedings. See Qin Wen Zheng v. Gonzales, 500 F.3d 143, 147-48 (2d Cir.2007). A prior adverse credibility determination can undermine a motion to reopen, particularly when the evidence submitted in support of the motion does not bear independent indicia of authenticity and thus hinges on the applicant’s credibility. See id. Documents submitted in support of a motion to reopen cannot constitute “material” evidence when they fail to overcome or rebut a prior negative credibility finding. See id.; Kaur v. BIA, 413 F.3d 232, 234 (2d Cir.2005).
Zheng argues that the BIA erred in discounting her documentary evidence based on the IJ’s adverse credibility determination because, ultimately, that determination was flawed. However, this argument is fundamentally a challenge to the IJ’s decision in the underlying proceedings, and that decision is not properly before this Court. See Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 89-90 (2d Cir.2001). Accordingly, Zheng’s challenge to the BIA’s rejection of her documentary evidence on credibility grounds is merit-less. See Qin Wen Zheng, 500 F.3d at 147-48.
Finally, Zheng argues that her case should be remanded to the BIA for an assessment of whether the background materials that she submitted, which included the 2007 U.S. Department of State Country Report on Human Rights Practices for China, and two administrative decisions from Fujian Province related to an individual other than Zheng, met the requirement for reopening under this Court’s decision in Jian Hui Shao, 546 F.3d at 139-40. However, in that case, we reviewed the same evidence that Zheng submitted and evidence similar to it and found no error in the BIA’s conclusion that such evidence was insufficient to establish either the existence of changed country conditions in China or the alien’s prima facie eligibility for asylum. See id. at 169-72.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule *622 of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).